**Andre Sylvester WATTS, Appellee**

v.

**Timothy HARRISON, Appellant.**

No. 07–7008.

United States Court of Appeals, District of Columbia Circuit.

May 22, 2008.

Andre Sylvester Watts, Jonesville, VA, pro se.

Edward Eugene Schwab, Deputy Attorney General, Todd Sunhwae Kim, Solicitor General, Stacy Louise Anderson, Assistant Attorney General, Office of Attorney General for the District of Columbia, Office of the Solicitor General, Washington, DC, for Appellant.

Before: ROGERS and KAVANAUGH, Circuit Judges, and SILBERMAN, Senior Circuit Judge.[1]

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments of the parties. It is **ORDERED AND ADJUDGED** that this appeal be dismissed and the case remanded to the district court.

Plaintiff-appellee Andre Watts brought suit against defendant-appellant Officer Timothy Harrison under 42 U.S.C. § 1983, alleging that Officer Harrison used excessive force while arresting plaintiff for stealing a woman's wallet.[2] Officer Harrison moved for summary judgment on the basis of qualified immunity. The district court denied the motion, holding that:

> There remains a genuine issue of material fact in dispute as to the force used by Harrison. On this record, the Court cannot determine the type or amount of force Harrison used, let alone whether that force was reasonable under the circumstances. Nor can the Court determine whether Harrison is protected by qualified immunity.

Mem. Op., at 5. Officer Harrison appealed, arguing that the district court erroneously denied his motion for summary judgment.

Officer Harrison argues that he is entitled to qualified immunity, and that the district court's denial of his motion for summary judgment was equivalent to a denial of qualified immunity. He contends that while he was making the arrest, the plaintiff threw furniture in his path and reached for the officer's gun, and thus any force used to restrain the plaintiff was objectively reasonable. Officer Harrison relies upon a plea colloquy from D.C. Superior Court, in which plaintiff pled guilty to robbery and assault on a police officer. During the colloquy, the prosecutor stated that Watts "resisted arrest and struggled with Officer Harrison," and that two witnesses "observed Defendant Watts attempting to remove Officer Harrison's handgun." The judge asked Watts if all the recited facts were correct, and he replied "[y]es, sir." We need not address the merits of Officer Harrison's qualified immunity arguments because we lack jurisdiction to resolve this issue.

In general, a district court's denial of a motion for summary judgment on grounds of qualified immunity is an immediately-appealable "collateral order." *Barham v. Ramsey*, 434 F.3d 565, 571 (D.C.Cir.2006). But here, the district court expressly stated that it was *not* resolving the question of qualified immunity because the record did not contain enough information about the nature of the force that was used. Mem. Op., at 5. The district court recited the facts and arguments presented by each party, but simply did not pass on the merits of the defendant's qualified immunity arguments. Thus, we do not have appellate jurisdiction over this matter under the collateral order doctrine (and we are a bit puzzled why defendant chose to appeal in

1. Circuit Judge Rogers concurs in the judgment for the reasons set forth in the attached statement.

2. Plaintiff also sued Mayor Anthony Williams and the District of Columbia, but those claims are not at issue in this appeal.

these circumstances). We dismiss the appeal and remand to the district court to consider defendant's arguments for qualified immunity.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b): D.C.Cir. Rule 41.

ROGERS, Circuit Judge, concurring in the judgment.

Because the district court denied summary judgment on the qualified immunity defense in light of an outstanding genuine issue of material fact, this court lacks jurisdiction to hear the appeal. *Johnson v. Jones*, 515 U.S. 304, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995). Therefore, this appeal must be dismissed.